UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Shawn Poor

    v.                                    Civil No. 17-cv-065-JD
                                            Opinion No. 2017 DNH 073
U.S. Bank National
Association, Trustee

O R D E R

Shawn Poor brings suit to enjoin U.S. Bank National Association ("U.S. Bank") from foreclosing on his house. U.S. Bank moves to dismiss, arguing that Poor has failed to state a claim. Poor objects.

U.S. Bank also moves for an order declaring that a temporary restraining order that the state court issued before this case was removed has expired. Poor did not object to this motion.

## Standard of Review

A motion to dismiss is reviewed under Federal Rule of Civil Procedure 12(b)(6), which addresses whether the complaint states a claim on which relief may be granted. Lister v. Bank of Am., N.A., 790 F.3d 20, 23 (1st Cir. 2015). In conducting this review, the court "accept[s] as true all well-pled facts alleged in the complaint and draw[s] all reasonable inferences in the

plaintiff's favor." Miller v. Town of Wenham, 833 F.3d 46, 51 (1st Cir. 2016). "A plaintiff's allegations are sufficient to overcome a Rule 12(b)(6) motion if they contain 'enough facts to state a claim to relief that is plausible on its face.'" Yershov v. Gannett Satellite Info. Network, Inc., 820 F.3d 482, 485 (1st Cir. 2016) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 (2007)).

## Background

In 1995, Poor obtained a loan secured by a mortgage on a property located in Newton, New Hampshire. Poor's mortgage was assigned to U.S. Bank as trustee for the Structured Asset Investment Loan Trust, Mortgage Pass-through Certificates, Series 2005-8. On December 6, 2016, counsel for U.S. Bank notified Poor that U.S. Bank had scheduled a foreclosure sale of the property.

Five days before the scheduled foreclosure sale, Poor brought suit in state court, seeking an ex parte temporary restraining order and a preliminary injunction to stop the foreclosure sale. The state court granted Poor's request for an ex parte temporary restraining order. In that order, the state court required Poor to serve the summons and complaint on U.S. Bank. The summons notified U.S. Bank that the state court had scheduled a hearing on Poor's request for injunctive relief.

U.S. Bank did not appear for that hearing because, it contends, Poor did not complete service on it. On the day of the hearing, the state court issued an order noting that U.S. Bank had "not yet received formal service" and holding that the injunction "will remain in effect." U.S. Bank then removed the action to this court on February 16, 2017, on the basis of diversity jurisdiction.

Discussion

U.S. Bank moves to dismiss Poor's complaint, arguing that Poor has failed to (1) identify any cause of action entitling him to relief and (2) allege any wrongful conduct on U.S. Bank's part that could support a cause of action. In response, Poor contends that he has alleged a viable equitable claim and appears to challenge this court's jurisdiction to hear this suit.

In addition, U.S. Bank moves for an order declaring that the ex parte temporary restraining order that the state court issued has expired. Poor did not file an objection to this motion.

I. Motion to Dismiss

Poor contends that U.S. Bank's motion to dismiss must be denied because (1) U.S. Bank improperly removed the case to this court and (2) he has sufficiently stated a state law claim.

3

A. <u>Remand and Removal</u>

In his opposition to the motion to dismiss, Poor argues that U.S. Bank improperly removed this action under diversity jurisdiction. In support, Poor contends that removal was improper because his claim is governed by state law. Poor asserts that U.S. Bank is using diversity jurisdiction "to 'create' a federal question (and then use the same as a basis for dismissal) where none has been pled." Doc. no. 8 at ¶ 3.

To challenge removal, a plaintiff typically must move to remand the case to state court. See 28 U.S.C. § 1447(c). Moreover, under the local rules of this district, parties may not seek affirmative relief, such as remand, in an objection. L.R. 7.1(a) ("Objections to pending motions and affirmative motions for relief shall not be combined in one filing."). Therefore, to the extent Poor challenges the removal of the case in his opposition to U.S. Bank's motion to dismiss, that challenge is procedurally improper.

In any event, Poor does not provide a basis for remanding this case to state court. In its notice of removal, doc. no. 1, U.S. Bank asserts that the parties are citizens of different states and that the amount in controversy is more than $75,000. Poor does not challenge those assertions (some of which are

4

based on his own allegations). Therefore, U.S. Bank has demonstrated that this court has diversity jurisdiction over Poor's claim. See 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction).

Contrary to Poor's assertions, his claim need not present a federal question for this court to maintain diversity jurisdiction over it.[1] When a federal court sits in diversity, it applies state substantive law. Sanders v. Phoenix Ins. Co., 843 F.3d 37, 42 (1st Cir. 2016) ("Because this case is brought in diversity jurisdiction, we must look to state law for the substantive rules of decision.").

Accordingly, Poor's challenge to removal, including his jurisdictional arguments, lack merit.

B. Failure to State a Claim

U.S. Bank contends that Poor has failed to state a plausible claim for relief. In support, U.S. Bank argues that Poor's complaint fails to identify a viable cause of action. Additionally, U.S. Bank asserts that Poor has alleged no wrongdoing on its part that would justify any relief. In response, Poor states that his complaint, which is captioned as "Verified Petition for Preliminary Injunction," "set[s] forth

---

[1] Poor is represented by counsel.

5

the grounds for relief under traditional standards of equity, i.e. irreparable harm, etc." Doc. no. 8 at ¶ 4.

In support of his petition for injunctive relief, Poor alleges that a foreclosure sale of his property would be inequitable because it would deny him the opportunity to either (1) refinance his loan or (2) secure a private sale of the property. Mortgagees, however, have no duty to refinance or modify a loan "absent explicit contractual language" requiring them to do so. Towle v. Ocwen Loan Servicing, LLC, 2015 WL 4506964, at *2 (D.N.H. July 23, 2015) (collecting cases) (dismissing claim to enjoin foreclosure). Mortgagees also have no duty to forbear from foreclosing on a property following default. Id. Poor cites no authority to the contrary.

Poor argues, nevertheless, that a foreclosure sale will result in an unfair price, which will diminish the amount he will receive for his equity in the property. U.S. Bank, however, has a duty to "exert every reasonable effort to obtain a fair and reasonable price under the circumstances." Murphy v. Fin. Dev. Corp., 126 N.H. 536, 541 (1985)(internal quotation marks omitted). Therefore, Poor does not state a claim based on a theory that he has a right to conduct a private sale.

"Because mortgage foreclosure is essentially a right to equitable relief, the element of fairness must pervade the

entire foreclosure process." Meredith v. Fisher, 121 N.H. 856, 858-59 (1981) (internal citations omitted). Courts may enjoin a foreclosure sale based on the equities of the situation, such as when the mortgage was obtained by fraud. See Chase v. Ameriquest Mortg. Co., 155 N.H. 19, 23-24 (2007).

In this case, however, Poor alleges no unfairness in the foreclosure process and no wrongdoing by U.S. Bank. As such, he provides no allegations to support an injunction against the foreclosure sale. Therefore, Poor has not stated a claim for an injunction. Peoples Fed. Sav. Bank v. People's United Bank, 672 F.3d 1, 8-9 (1st Cir. 2012) (providing elements necessary to support injunctive relief).

## II. Temporary Restraining Order

U.S. Bank moves for an order declaring that the state court's ex parte temporary restraining order has expired. "[A]n ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by [Federal Rule of Civil Procedure] 65(b), measured from the date of removal." See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty., 415 U.S. 423, 439-40 (1974). Under Rule 65(b), an

7

ex parte temporary restraining order, unless extended, can last no longer than 14 days.  Fed. R. Civ. P. 65(b)(2).

U.S. Bank removed this action on February 16, 2017. Accordingly, the state court's order has now expired under Rule 65(b).  Therefore, the temporary restraining order is no longer of any force or effect.

## Conclusion

For the foregoing reasons, U.S. Bank's motion to dismiss (doc. no. 5) is granted, and U.S. Bank's motion for an order declaring that the ex parte temporary restraining order has expired (doc. no. 10) is granted.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

*[signature]*
Joseph A. DiClerico, Jr.
United States District Judge


April 12, 2017

cc:   David P. Azarian, Esq.
      Michael R. Stanley, Esq.

8